IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK L. McPARTLIN, | ) | |
| | ) | |
| Plaintiff, | ) | 17CV343 |
| | ) | JUDGE CHANG |
| v. | ) | MAG. JUDGE VALDEZ |
| | ) | |
| COUNTY OF COOK, TONI PRECKWINKLE individually and in her official capacity, and PETER N. SILVESTRI, individually and in his official capacity, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

FILED
JAN 17 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**COMPLAINT**

Plaintiff, FRANK L. McPARTLIN, states as and for his Complaint against Defendants as follows:

**Nature of Case**

1.  Plaintiff brings this action against Defendants to recover damages proximately caused by Defendants' retaliatory termination of his employment under the color of law and in violation of the First Amendment to the United States Constitution made enforceable through Section 1983, 42 U.S.C. § 1983 (hereafter "Section 1983"). Plaintiff also brings this action against the individual Defendants, individually and in their official capacities, to recover damages proximately caused by their intentional and unjustified interference with his economic expectancy under color of law and in violation of Illinois common law.

**Jurisdiction and Venue**

2.  This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331,

and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's CMPPI claims pursuant to 28 U.S.C. 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants' illegal acts complained of herein took place at Defendants' offices located in Chicago, Illinois, Cook County, within the geographical jurisdictional boundaries of this Court.

**The Parties**

5. Plaintiff, Frank L. McPartlin (hereafter "Frank"), is an individual residing in Cook County, Illinois.

6. Defendant, County of Cook, is a municipal corporation organized under the laws of the State of Illinois, governed by the Cook County Board of Commissioners, and maintaining its primary office in the City of Chicago, Cook County, Illinois.

7. Defendant Toni Preckwinkle is an individual residing on information and belief in Chicago, Illinois. From December 2010 to the present, Defendant Preckwinkle has been the President of the Cook County Board of Commissioners.

8. Defendant Peter Silvestri is an individual residing on information and belief in the Village of Elmwood Park, Illinois. From May 1989 to May 2013, Defendant Silvestri was the Village President of Elmwood Park. From November 1994 to the present, Defendant Silvestri has been a Commissioner (9th District) of the Cook County Board of Commissioners.

**Facts Common to All Counts**

*Plaintiff's Cook County Employment*

9. In October 1996, Frank started employment with Cook County's Facilities Management Department in the position of Operating Engineer.

10. In March 1998, Frank voluntarily resigned his Cook County employment.

11. In October, 2008, Cook County re-hired Frank in the position of Coordinator assigned to the Office of Chief Administrative Officer.

12. In December 2010, Frank again voluntarily resigned his Cook County employment.

13. In March 2011, Cook County again re-hired Frank in the position of Special Assistant assigned to the Bureau of Administration.

*Plaintiff's Protected Political Activities*

14. In or around November 2010, the Neighborhood Voice Party was created to campaign support a slate of candidates for Village Trustee in the Village of Elmwood Park in the upcoming April 2011 election.

15. In February 2011, Frank posted signs in front of residence in support of the Neighborhood Voice Party.

16. Approximately a week after he posted the signs, Defendant Peter Silvestri, approached Frank and asked him to remove the signs.

17. Frank did not remove the signs.

18. Days later, Defendant Silvestri questioned Frank about the signs and asked why he posted them. Frank explained that he supported the Neighborhood Voice Party slate of candidates in the upcoming election.

3

19. On or about April 5, 2011, Frank was appointed director of the Elmwood Park Neighborhood Civic Organization ("EPNCO").

20. In May 2011, the BGA, EPNCO and Fox News commenced an investigation into corruption and misconduct within the leadership of the Village of Elmwood Park and the office of Village President, Defendant Silvestri.

21. In June 2011, the BGA and Fox news published an article regarding certain Village of Elmwood Park employees performing work on Defendant Silvestri's house while being paid by the Village.

22. In October 2011, the BGA and Fox news published an article regarding Village of Elmwood Park auxiliary police officers doing political campaign work for Defendant Silvestri or other Village elected officials while being paid by the Village, being forced to do such work in order to get or keep their Village jobs, and/or being forced to buy raffle tickets or make cash contribution to political campaigns.

23. In February 2012, the BGA and Fox news published reports of voter fraud in Village of Elmwood Park elections alleging that numerous non-residents who vote in Village elections have ties to Defendant Silvestri.

24. On or about July 20, 2012, Defendant Silvestri told Frank to resign as EPNCO director.

25. On or about August 2012, Cook County Chief Administrative Officer Robin Kelly on behalf of Defendant Preckwinkle requested that Frank resign as EPNCO director.

26. In December 2012, Frank became the Campaign Manager for the Voice Party of Elmwood Park.

27. In or around January 2013, Defendant Silvestri, the incumbent, dropped out of the

4

race for re-election to the Elmwood Park Village Presidency.

28. On April 7, 2013, the Voice Party of Elmwood Park lost a close election against candidates picked and/or backed by Defendant Silvestri.

29. In December 2013, Frank publicly announced that he was running for the office of Cook County Commissioner, 9th District, in the upcoming November 2014 election.

30. In February 2014, Frank organized a political committee (i.e., "Friends of Frank McPartlin") for the purpose of running as a Democrat for the office of Cook County Commissioner, 9th District, in the upcoming November 2014 election.

31. On March 18, 2014, Frank won the democratic primary (unopposed) for the 9th District Commissioner position, setting up a race between Frank and Defendant (and incumbent Commissioner) Silvestri.

32. In April 2014, Frank notified the Defendant Preckwinkle's office that he will be running against Defendant Silvestri in November. Then Chief Administrative Officer, Carl Byrd, Frank's immediate boss, told Frank that the office saw no problem.

33. Over the ensuing months, the Cook County Inspector General's office investigated Frank, and a number of requests for information under the Illinois Freedom of Information Act were made seeking Frank's work product, including emails, phone records, mileage on county car, and computer usage.

34. In September 2014, Defendant Silvestri contacted Frank, and stated to Frank that he would no longer have a job if he ran in the November election, and that Defendant Preckwinkle was endorsing Silvestri.

35. In September 2014, Frank contacted his boss CAO Byrd, and asked again if there was a problem with him running for Commissioner. CAO Byrd again stated there was no

problem.

36. In October 2014, CAO Byrd's employment with Cook County ended. At that time Mr. Byrd stated to Frank that there will be a problem if he remained in the Commissioner's race, and that Frank's Cook County employment would end after the election.

37. In October 2014, Frank received messages from democratic party officials including Joe Berrios (Chairman of the Cook County Democratic Party), and John D'Amico (Illinois state representative) that he should drop out of the race.

38. On November 4, 2014, Frank lost the election, and Defendant Silvestri retained his 9th District Commissioner's seat.

39. On or about November 16, 2014, Defendant Silvestri was the lone republican to vote for Defendant Preckwinkle's 2015 Cook County budget. The 2015 budget contained the greatest spending increase in history of the Cook County. The 2015 budget called for no new taxes, fines, fees or layoffs.

### Defendants Abruptly Fire Plaintiff Without Stated Cause or Reason

40. On January 16, 2015, Cook County terminated Frank's employment without any stated reason, and has since refused to provide him with any reason for terminating his employment.

### Count I – Retaliatory Discharge in Violation of Section 1983
### Against Defendant Cook County

41. Frank restates and fully incorporates into Count I, his allegations set forth in Paragraphs 1 through 40, above.

42. The First Amendment prohibits discrimination, including retaliation against pubic employees based on their political association, affiliation and/or activities.

6

43. Frank has a constitutionally protected right to free speech and political association, affiliation and/or activities under the First Amendment to the United States Constitution made enforceable through Section 1983.

44. As described above, Frank's political activities, culminating in his campaign and run for Cook County Commissioner, 9th District, as a democrat, were constitutionally protected.

45. Defendant Toni Preckwinkle was at all relevant times the President of the Cook County Board of Commissioners with final decisional and policy-setting authority to make and implement decisions adversely affecting Frank's employment with Cook County including, but not limited to, terminating Frank therefrom.

46. Defendant Peter Silvestri was at all relevant times a Cook County Commissioner with final decisional and policy-setting authority to make and implement decisions adversely affecting Frank's employment with Cook County including, but not limited to, terminating Frank therefrom.

47. Defendant Cook County by and through the actions of Defendants Preckwinkle and Silvestri within the scope of their employment and under the color of state law, terminated Frank's employment.

48. Defendant Cook County has a widespread and well-settled practice or custom of retaliating against employees based on their political association, affiliation and/or activities.

49. Frank's protected political association, affiliation and/or activities were a substantial or motivating factor in Defendant Cook County's decision to terminate his employment.

7

50. As a direct and proximate result of Defendant Cook County's illegal retaliatory termination of Frank's employment, he has suffered a loss of wages, including but not limited to salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages.

### Count II – Retaliatory Discharge in Violation of Section 1983
### Against Defendant Toni Preckwinkle, Individually and in Her Official Capacity

51. Frank restates and fully incorporates into Count II, his allegations set forth in Paragraphs 1 through 48, above.

52. Frank's protected political association, affiliation and/or activities were a substantial or motivating factor in Defendant Preckwinkle's decision to terminate his employment.

53. Defendant Preckwinkle' termination of Frank's employment is likely to deter free speech and the free exercise of political association, affiliation and/or activities.

54. As a direct and proximate result of Defendant Preckwinkle's illegal retaliatory termination of Frank's employment, he has suffered a loss of wages, including but not limited to salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages.

55. Defendant Preckwinkle knew her acts as described above were prohibited by Section 1983, or acted with reckless disregard to that possibility.

### Count III – Retaliatory Discharge in Violation of Section 1983
### Against Defendant Peter Silvestri, Individually and in His Official Capacity

56. Frank restates and fully incorporates into Count III, his allegations set forth in Paragraphs 1 through 48, above.

57. Frank's protected political association, affiliation and/or activities were a

substantial or motivating factor in Defendant Silvestri's decision to terminate his employment.

58. Defendant Silvestri's termination of Frank's employment is likely to deter free speech and the free exercise of political association, affiliation and/or activities.

59. As a direct and proximate result of Defendant Silvestri's illegal retaliatory termination of Frank's employment, he has suffered a loss of wages, including but not limited to salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages.

60. Defendant Silvestri knew his acts as described above were prohibited by Section 1983, or acted with reckless disregard to that possibility.

### Count IV – Intentional Interference with Economic Expectancy in Violation of Illinois Common Law Against Defendant Toni Preckwinkle, Individually and in Her Official Capacity

61. Frank restates and fully incorporates into Count III, his allegations set forth in Paragraphs 1 through 48, above.

62. Frank had a reasonable expectancy of maintaining his employment with Defendant Cook County.

63. Defendant Preckwinkle was aware of this expectancy.

64. As described above, Defendant Preckwinkle's intentional and unjustified interference induced or caused a breach or termination of Frank's Cook County employment and economic expectancy therefrom.

65. As a direct and proximate result of Defendant Preckwinkle's illegal interference with Frank's economic expectancy, he has suffered a loss of wages, including but not limited to salary, bonuses, a loss of employment benefits and other pecuniary and

non-pecuniary damages.

66. Defendant Preckwinkle knew her acts as described above were prohibited by Illinois law, or acted with reckless disregard to that possibility.

### Count V – Intentional Interference with Economic Expectancy in Violation of Illinois Common Law Against Defendant Peter Silvestri, Individually and in His Official Capacity

67. Frank restates and fully incorporates into Count III, his allegations set forth in Paragraphs 1 through 48, above.

68. Frank had a reasonable expectancy of maintaining his employment with Defendant Cook County.

69. Defendant Silvestri was aware of this expectancy.

70. As described above, Defendant Silvestri's intentional and unjustified interference induced or caused a breach or termination of Frank's Cook County employment and economic expectancy therefrom.

71. As a direct and proximate result of Defendant Silvestri's illegal interference with Frank's economic expectancy, he has suffered a loss of wages, including but not limited to salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages.

72. Defendant Silvestri knew his acts as described above were prohibited by Illinois law, or acted with reckless disregard to that possibility.

### Count VI – Indemnification under 745 ILCS § 10/9-102
### Against Defendant Cook County

73. Illinois statute provides that a local public entity such as Defendant Cook County is obligated to assume financial responsibility for the tortious acts committed by its employees, including a present or former officer, member of a board, commission or committee, agent, volunteer, servant or employee, whether or not compensated, such as Defendants Preckwinkle and Silvestri. See 745 ILCS §§ 10/1-202 and 9-102.

### Common Prayer for Relief

**WHEREFORE**, Plaintiff FRANK McPARTLIN respectfully requests that this Court enter judgment in his favor and jointly and severally against Defendants COUNTY OF COOK, TONI PRECKWINKLE and PETER SILVESTRI as follows:

A. Order Defendants to make him whole by paying him an appropriate amount of lost wages, reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B. Order Defendants to immediately reinstate him to his former position; or, in the alternative, order it to pay him an appropriate amount of front pay;

C. Order Defendants to pay him compensatory and punitive (Defendants Preckwinkle and Silvestri only) damages in the maximum amount allowable under the law;

D. Order Defendants to pay his costs incurred in bringing this action, including, but not limited to, expert witness fees and attorneys' fees;

E. Order Defendant Cook County to indemnify Defendants Preckwinkle and/or Silvestri pursuant to 745 ILCS §§ 10/1-202 and 9-102.

F.     Try all issues of fact to a jury; and,

G.     Grant such other relief as the Court deems just.

Respectfully submitted,
Plaintiff, FRANK L. McPARTLIN,

By: *[signature]*
Frank L. McPartlin
7840 W. Sunset Drive
Elmwood Park, Illinois. 60707
708-785-2622